(117 So. 488)

## GREEN v. STATE. (7 Div. 430.)

Court of Appeals of Alabama. June 19, 1928.

Merrill & Field, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of having whisky in his possession.

The two arresting officers, the only witnesses for the state as to the facts, each testify that the bottle which was offered in evidence was *not* in the same condition that it *was* when it was picked up near where they arrested the defendant. One of them said, as to whether the bottle referred to had whisky in it when they procured it from the place they swore defendant threw it:

· "There was none in it when we got it; there might have been a drop or two in it."

The other said:

"There was nothing but a drop or two of liquid in the bottle when I got it, just a little red clay. There was no liquor in the bottle at the county court trial; just red clay dried up in the bottle."

The distinguished attorney representing the defendant testified that in the trial of this case in the county court, from whence it was appealed to the circuit court, the bottle, which was admitted in evidence, in witness' best recollection, had no stopper, and no liquid in it. He said:

"I examined the bottle. My best recollection is that I turned it upside down, and no liquid ran out of it at all."

We realize that the testimony of the witness Parker, whom we judicially know to be the sheriff of the county where the trial was had, that: "I put the stopper in it. I wanted to keep the smell in it. It is in the same condition it was in that night (referring to the night defendant was brought to witness after his arrest by the two arresting officer witnesses above referred to), it has not been tampered with," renders the question of whether or not the bottle offered in evidence at this trial had whisky in it at the time of the trial of the case in the county court, one with which we are not concerned. But the bottle offered in evidence which was the bottle identified by the witnesses as being the one picked up near defendant at the time he was arrested, containing, according to the bill of exceptions, "about a teaspoonful of whisky," shows from the testimony that it was not in the same condition that it was at the time it was taken, or captured, and that its admission in evidence was erroneous, and no doubt prejudicial. 22 Corpus Juris, pp. 770, 771; 10 R. C. L. 992.

For this error the judgment will be, and is, reversed, and the cause remanded.

Reversed and remanded.